IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JOHNELL MIDDLETON, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>TIMOTHY WARD, *et al.*,<br><br>    Defendants. | Case No. 5:21-CV-334-MTT-CHW |

**PLAINTIFFS' MOTION TO HOLD MOTION FOR PRELIMINARY INJUNCTION IN ABEYANCE FOR 90 DAYS PENDING DISCOVERY**

Plaintiffs Johnell Middleton, Jacori Hodges, and Corey Holbrooks respectfully move the Court to hold their motion for preliminary injunction (Doc. 13) in abeyance pending further discovery into their claims. In support of this motion, Plaintiffs state as follows:

1. This is an action under 42 U.S.C. § 1983 to enforce Plaintiffs' Eighth and Fourteenth Amendment right to freedom from cruel and unusual conditions of confinement. As set forth in Plaintiffs' complaint (Doc. 1), Plaintiffs face a substantial risk of serious psychological and physical harm as a result of the totality of conditions in Georgia State Prison's segregation units. Those conditions include prolonged isolation without meaningful human contact, vermin-infested cells, lack of basic sanitation, severe understaffing, and inadequate mental healthcare, among others.

2. On October 9, 2021, Plaintiffs filed a motion for a preliminary injunction to prevent irreparable harm pending a trial on the merits of their claims. (Doc. 13.) Contemporaneously with that motion, Plaintiffs moved for expedited discovery to support their request for preliminary relief. (Doc. 15.)

3. Because this is a prison conditions case, the Prison Litigation Reform Act places limitations on the availability of prospective relief. Under 18 U.S.C. § 3626, "[p]reliminary injunctive relief shall automatically expire on the date that is 90 days after its entry" unless a district court "makes the order final before the expiration of the 90-day period." 18 U.S.C. § 3626(a)(2). In addition to making the order final, a district court must make the need–narrowness–intrusiveness and related findings required under 18 U.S.C. § 3626(a)(1). *See id.*

4. The Eleventh Circuit recently held that Congress's use of the phrase "makes the order final" in 18 U.S.C. § 3626(a)(2) means that "the entry of a permanent injunction is necessary to prevent a preliminary injunction from expiring by operation of law after 90 days." *Georgia Advocacy Office v. Jackson*, 4 F.4th 1200, 1211 (11th Cir. 2021). The Eleventh Circuit explained that "[o]nce a preliminary injunction issues, the plaintiff's entitlement to a permanent injunction is typically ascertained within 90 days, greatly condensing the litigation lifecycle." *Id.*

5. Entering an injunction order that complies with 18 U.S.C. § 3626(a)(1) requires substantial evidence and deliberation. The statute requires a district court to make "particularized findings" that "each requirement imposed by" an injunction "satisfies the need–narrowness–intrusiveness criteria." *United States v. Secretary, Fla. Dep't of Corr.*, 778 F.3d 1223, 1227-28 (11th Cir. 2015). "It is not enough to simply state in conclusory fashion that the requirements of [an injunction] satisfy those criteria. Particularized findings, analysis, and explanations should be made as to the application of each criteri[on] to each requirement imposed by the [injunction]." *Id.*

6. At this stage in the litigation, it is unclear whether it would be feasible for the parties to complete discovery, or for the Court to hold a trial on the merits, within 90 days of the entry of a preliminary injunction. Given the uncertainty at this stage about the amount of time needed to complete discovery and proceed to a trial on the merits, and Plaintiffs' interest in developing evidence in support of a preliminary injunction before proceeding to a hearing on the matter, Plaintiffs respectfully request that the Court hold Plaintiffs' motion for preliminary injunction in abeyance for 90 days to allow the parties an opportunity to engage in discovery and determine a workable timeframe for proceeding to a trial on the merits.

7. Holding the motion for preliminary injunction in abeyance will

potentially avoid piecemeal litigation of Plaintiffs' claims. Under Rule 65 of the Federal Rules of Civil Procedure, "Before or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing." Fed. R. Civ. P. 65(a)(2). Plaintiffs believe that this case may be appropriate for consolidation of the preliminary injunction hearing with a trial on the merits, particularly if the Court grants Plaintiffs' motion for expedited discovery (Doc. 15) and no significant difficulties arise during the discovery period to delay a final resolution of the case.

8. A district court has "inherent managerial power" to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Young v. City of Augusta*, 59 F.3d 1160, 1168 (11th Cir. 1995) (quoting *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985)); *cf. Air Line Pilots Assoc. v. Miller*, 523 U.S. 866, 879 n.6 (1998) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). Holding Plaintiffs' motion for preliminary injunction in abeyance pending further discovery will further the interests of justice by ensuring a more complete factual record on which to make the findings required by 18 U.S.C. § 3626(a). Holding the motion in abeyance may also avoid waste of judicial resources if it turns out, following discovery, that

it would be appropriate in this case to consolidate a hearing on the preliminary injunction with a trial on the merits.

9. For these reasons, Plaintiffs respectfully move the Court to hold their motion for preliminary injunction in abeyance for 90 days.

## CONCLUSION

The Court should hold Plaintiffs' motion for preliminary injunction (Doc. 13) in abeyance for 90 days.

Respectfully submitted,

/s/ Ryan Primerano

| | |
|---|---|
| James F. Bogan III (Ga. Bar 065220) | Alison Ganem (Ga. Bar 284894) |
| Tamara Serwer Caldas (Ga. Bar 617053) | Ryan Primerano (Ga. Bar 404962) |
| C. Allen Garrett Jr. (Ga. Bar 286335) | SOUTHERN CENTER |
| Stephanie N. Bedard (Ga. Bar 825614) | FOR HUMAN RIGHTS |
| Emilia Stromberg (Ga. Bar 896536 ) | 60 Walton Street, NW |
| Desmond M. Dennis (Ga. Bar 511943) | Atlanta, Georgia 30303 |
| KILPATRICK TOWNSEND & STOCKTON LLP | (404) 688-1202 |
| | (404) 688-9440 (fax) |
| 1100 Peachtree Street, NE, Suite 2800 | rprimerano@schr.org |
| Atlanta, Georgia 30309 | aganem@schr.org |
| (404) 815-6500 | |
| (404) 816-6555 (fax) | |
| jbogan@kilpatricktownsend.com | |
| tcaldas@kilpatricktownsend.com | |
| agarrett@kilpatricktownsend.com | |
| sbedard@kilpatricktownsend.com | |
| estromberg@kilpatricktownsend.com | |
| ddennis@kilpatricktownsend.com | |

*Counsel for Plaintiffs*

October 12, 2021

## CERTIFICATE OF SERVICE

I certify that I served the foregoing by filing it with the Clerk of Court using the CM/ECF system, which will send notification of filing to all counsel of record.

/s/ Ryan Primerano

October 12, 2021